# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

CORNILIUS PRICE,

    Plaintiff,

v.

WARDEN STANLEY WILLIAMS; DEPUTY
WARDEN OF SECURITY BOBBITT;
CAPTAIN MOBLEY; LT. JUANITA
SHARPE; and COI MENDEZ,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-69

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is housed at Georgia State Prison in Reidsville, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement. (Doc. 1.) Concurrently, Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) The Court granted Plaintiff's Motion. (Doc. 4.) For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for failure to state a claim and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

In his Complaint, Plaintiff alleges he asked a counselor why he was moved out of a room with a member of one gang and placed in a room with a member of another gang with whom he had previously had issues "on the compound[.]" (Doc. 1, p. 5.) Plaintiff asserts, six days later, he informed Defendant Mendez during breakfast he and his roommate were "having some

issue", and Defendant Mendez told Plaintiff he would tell Defendant Sharpe, the officer in charge, when he had time. (Id.) Plaintiff avers he was awakened around afternoon pill call due to his roommate stabbing him with a homemade knife. Plaintiff states he began beating on the door for help, at which time an officer and a nurse came to Plaintiff's door. Plaintiff contends he told the officer he had been stabbed, and, once the officer saw all of the blood on Plaintiff, he called for assistance. (Id.) While he was in medical, Plaintiff maintains the doctor informed Defendants Mobley and Sharpe that Plaintiff needed outside medical treatment due to the loss of blood. (Id. at p. 6.)

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . .

a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys. . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse

mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.  Dismissal for Failure to State a Claim and Respondeat Superior Principles**

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Further, Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*.[1] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998).

A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

---

[1] The principle that *respondeat superior* is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

Plaintiff seeks to hold Defendants Williams and Bobbitt liable solely based on their supervisory positions as Warden and Deputy Warden at a penal institution. However, Plaintiff fails to present any facts indicating there is a causal connection between any actions of Defendants Williams and Bobbitt and the alleged violation of Plaintiff's constitutional rights. He does not allege Defendants Williams and Bobbitt were personally involved in the conditions that he complains of or that the conditions resulted from some custom or policy Defendants Williams and Bobbitt promulgated or maintained. Plaintiff also fails to plausibly allege that Defendants Williams and Bobbitt directed the allegedly unlawful conditions or ignored a widespread history of abuse in this regard. In fact, Plaintiff fails to make any factual allegations against Defendants Williams and Bobbitt, let alone even conclusory allegations that these Defendants were aware of or were personally responsible for the alleged violations of Plaintiff's constitutional rights. Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendants Williams and Bobbitt.

## II.     Plaintiff's Failure to Protect Claims

Plaintiff's allegation that he informed Defendant Mendez he had an issue with his roommate implicates the Eighth Amendment's proscription against cruel and unusual punishment. That proscription imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant[']s deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate

health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319–20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14. In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010). Prison officials are not held liable for every attack by one inmate upon another, Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986), nor are they guarantors of a prisoner's safety. Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir. 1990). Rather, a prison official must be faced with a known risk of injury that rises to the level of a "strong likelihood rather than a mere possibility" before his failure to protect an inmate can be said to constitute deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990).

Like any deliberate indifference claimant, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004). Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260–61 (11th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). To prove deliberate indifference, the prisoner must show

that prison officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289–90).

Here, Plaintiff only alleges he informed Defendant Mendez he had an unspecified issue with his roommate the morning of the alleged attack. Plaintiff fails to make any factual allegations revealing that Defendant Mendez knew Plaintiff's roommate had a homemade knife in his possession or otherwise posed a specific threat to Plaintiff's safety. Accepting Plaintiff's allegations as true, which the Court must at this stage of the proceedings, the most he alleges against Defendant Mendez is that Defendant Mendez was negligent in failing to inform Defendant Sharpe of an unspecified issue Plaintiff was having with his roommate. However, such an assertion is an insufficient basis for liability in this Section 1983 case. Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendant Mendez.

### III. Plaintiff's Deliberate Indifference Claims

Plaintiff's mention of a doctor informing officers he needed outside medical care also gives rise to a discussion of the Eighth Amendment. As noted in the preceding Section, the Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions

sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. "The meaning of 'more than gross negligence' is not self-evident[.]" Id. Only when deliberate indifference to an inmate's serious medical needs is demonstrated to be "repugnant to the conscience of mankind" or offensive to "evolving standards of decency" will it give rise to a valid claim of mistreatment under the Eighth Amendment. Id.

It is unclear whether Plaintiff sets forth a deliberate indifference claim against Defendants Sharpe and Mobley. Instead, Plaintiff only alleges the doctor at Georgia State Prison informed Defendants Sharpe and Mobley that Plaintiff needed outside medical attention. Plaintiff fails to make any allegations that Defendants Sharpe and Mobley failed to obtain the recommended

8

medical care and treatment or that these Defendants were deliberately indifferent to his serious medical needs in some other way. Consequently, the Court should **DISMISS** Plaintiff's claims against Defendants Sharpe and Mobley.

## IV. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

---

[2] A certificate of appealability is not required in this Section 1983 action.

9

**CONCLUSION**

For the foregoing reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for failure to state a claim and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 31st day of October, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA